UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., *et al.*,

                              Plaintiffs,

        v.

VIKAS GOYAL, *et al.*,

                              Defendants.

Case No. C24-880-RSM

ORDER GRANTING MOTION TO
WITHDRAW AS ATTORNEY

This matter comes before the Court on the Motion of attorneys Michelle Q. Pham and Kyle J. Rekofke of Buchalter LLP to withdraw as counsel for Defendants.  Dkt. #47.  No responsive briefing has been filed.

On June 20, 2024, Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, LifeScan, Inc., and LifeScan IP Holdings, LLC (collectively, "Plaintiffs") initiated this action against: Defendants Vikas Goyal, Sneha Saxena, Rajendra Kumar Agarwal, Anshita Goswami, Rajani Devi, Kamal Kumar Anand, Vivek Gupta (all individuals); Strip Point LLC (a Colorado limited liability company); Vikash Enterprises, A S Homes, Vovoa PVT Ltd., Spark Enterprises, and Dhanlaxmi Transport Company (all foreign companies) (collectively, "Defendants"). [1] Dkt. #1. Plaintiffs allege various trademark violations of LifeScan's products and related claims through Defendants' use of the Amazon marketplace.  *Id*.

---

[1] Plaintiffs voluntarily dismissed Defendants Lucid Quest Limited and Anindiya Rai on January 8, 2025.  *See* Dkt. #22.

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY - 1

On November 15, 2024, Defendants' counsel entered a Notice of Appearance on behalf of all Defendants except for Defendants Anand and Gupta. Dkt. #12. The parties then stipulated three times to extending Defendants' time to respond to the Complaint. Dkts. #32-37. Defendants' counsel filed an Answer to the Complaint on behalf of the represented Defendants on September 18, 2025. Dkt. #38. After granting Plaintiffs' Motion for Alternative Service, Plaintiffs moved for default against Defendants Anand and Gupta on February 5, 2026, which the Court entered that day. Dkts. #39, #42, #45, #46.

On April 10, 2026, Defendants' counsel filed the instant Motion to Withdraw. Dkt. #47. Counsel states that "an irreparable breakdown in the attorney-client relationship" requires withdrawal. *Id*. at 2. Counsel further states that the Washington Rules of Professional Conduct prohibit providing additional details. *Id*. (citing to RPC 1.6(a)).

"No attorney shall withdraw an appearance in any civil case except by leave of court," unless there is simply a change of counsel within the same firm, or a party is represented by multiple attorneys. LCR 83.2(b)(1)-(3). Business entities "must be represented by counsel." LCR 83.2(b)(4). An "attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date." LCR 83.2(b)(1). "Unless the attorney withdraws in accordance with these rules, the authority and duty of an attorney of record shall continue after final judgment." LCR 83.2(b)(7).

The Court considers several factors when "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution." *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY - 2

Here, the details underlying the requested withdrawal are unclear, but "the absence of detail . . . does not preclude an order allowing for the attorney's withdrawal." *Slack v. Kariko*, No. C20-05508-RSM-SKV, 2022 WL 1546676, at *2 (W.D. Wash. Apr. 25, 2022) (citing to *Spangler v. Cty. Of Ventura*, No. C16-9174, 2017 WL 10560629, at *1 (accepting counsel's representations of an "irreparable breakdown" without further detail)).  The Court finds no reason to doubt counsel's representations of an "irreparable breakdown" in the attorney-client relationship.  No party has opposed this Motion, and no discovery or other deadlines have been set in this case.  *See* Dkt. MINUTE ORDER, Oct. 22, 2024 (striking all initial case deadlines). Counsel certifies that Defendants have been advised that the business entity Defendants are required by law to be represented by counsel, and failure to obtain counsel by the withdrawal's effective date may result in an entry of default.  Dkt. #48 at ¶ 5; *see* LCR 83.2(b)(4).  Accordingly, the Court finds good cause to grant this Motion.

Having considered the instant Motion and the remainder of the record, the Court hereby finds and ORDERS that counsel's Motion to Withdraw as Attorney, Dkt. #47, is GRANTED. Defendants Strip Point LLC, Vikash Enterprises, A S Homes, Vovoa PVT Ltd., Spark Enterprises, and Dhanlaxmi Transport Company SHALL obtain new counsel within thirty (30) days of the date of this order.  Failure to obtain counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or an entry of default.  Attorneys Michelle Q. Pham and Kyle J. Rekofke of Buchalter LLP will be noted by the Clerk of the Court as prior counsel for Defendants.

DATED this 5th day of May, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY - 3